**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETER C. HAYWARD, KELLY GARCIA, and MATTHEW YBARRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MPARTICLE, INC. and ROKT US CORP.,<br><br>Defendants. | **Oral Argument Requested**<br><br>Case No. 1:25-CV-08173-PAE |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MPARTICLE, INC. AND ROKT US CORP.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS**

**TABLE OF CONTENTS**

**Page**

**I. INTRODUCTION** ........ 1

**II. ARGUMENT** ........ 1

**A. Plaintiffs Lack Article III Standing Absent Any Injury-In-Fact** ........ 1

**B. The Complaint Fails to State A Common Law Claim for Intrusion Upon Seclusion or A Constitutional Claim for Invasion of Privacy** ........ 2

**C. Plaintiffs Fail to Adequately Plead Their CIPA Claims** ........ 4

**1. Plaintiffs Fail to State a Claim Under Penal Code Section 631** ........ 4

**2. Plaintiffs Fail to State a Claim Under Penal Code Section 632** ........ 5

**3. Plaintiffs Have Not Alleged a Trap and Trace Violation** ........ 5

**D. Plaintiffs Lack Statutory Standing to Assert a CDAFA Violation** ........ 6

**E. Plaintiffs' Equitable Relief Claims Should Be Dismissed** ........ 7

**F. Plaintiffs' Nationwide Class Allegations Should Be Stricken** ........ 8

**1. Striking Plaintiffs' Nationwide Allegations Is Not Premature** ........ 8

**2. Plaintiffs Are Not Entitled to Discovery To Find A California Nexus** ........ 8

**3. Plaintiffs' Failure to Allege Conduct Outside of California** ........ 10

**III. CONCLUSION** ........ 10

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(C)** ........ 12

**CERTIFICATE OF SERVICE** ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahringer v. LoanDepot, Inc.*,
715 F. Supp. 3d 1274 (C.D. Cal. 2024) ....................8

*Boelter v. Hearst Communications, Inc.*
192 F.Supp.3d 427 (S.D.N.Y. 2016)....................8

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
2016 WL 3543699 (S.D. Cal. June 29, 2016)....................8

*Brown v. Google LLC*,
685 F.Supp.3d 909 (N.D. Cal. 2023) ....................7

*Bruno v. Eckhart Corp.*,
280 F.R.D. 540 (C.D. Cal. 2012) ....................10

*BYD Co. Ltd. v. VICE Media LLC*,
531 F. Supp. 3d 810 (S.D.N.Y. 2021), *aff'd*, 2022 WL 598973 (2d Cir. Mar. 1, 2022) ....................4

*Cody v. Ring LLC*,
718 F.Supp.3d 993 (N.D. Cal. 2024) ....................6

*D'Angelo v. Penny OpCo, LLC*,
2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) ....................3

*Dawidzik v. Tesla, Inc.*,
2025 WL 3786963 (C.D. Cal. Dec. 29, 2025) ....................1, 2

*Doe v. Cnty. of Santa Clara*,
2024 WL 3346257 (N.D. Cal. July 8, 2024)....................7

*Doe v. Meta Platforms*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) ....................9

*Erceg v. LendingClub Corp.*
475 F.Supp.3d 1071 (N.D. Cal. 2020) ....................10

*ESG Cap. Partners, LP v. Stratos*,
828 F.3d 1023 (9th Cir. 2016) ....................7

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ....................1, 2

*Griffith v. TikTok, Inc.*,
2023 WL 9019035 (C.D. Cal. Dec. 13, 2023) ....................................................................4

*Gutierrez v. Converse Inc.*,
2023 WL 8939221 (C.D. Cal. Oct. 27, 2023)....................................................................6

*Hammerling v. Google LLC*,
615 F. Supp.3d 1069 (N.D. Cal. 2022) ............................................................................7

*Henderson v. Chicago Cubs Baseball Club, LLC*,
2018 WL 3326682 (C.D. Cal. May 24, 2018) ....................................................................8

*Jones v. Tonal Sys., Inc.*,
751 F.Supp.3d 1025 (S.D. Cal. 2024)..............................................................................3

*L.B. v. LinkedIn Corp.*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025)................................................................4, 5

*Lakin v. Watkins Associated Indus.*,
863 P.2d 179 (Cal. 1993) .................................................................................................6

*Langan v. United Servs. Auto. Ass'n*,
69 F.Supp. 3d 965 (N.D. Cal. 2014) ................................................................................8

*Lau v. Gen Digital Inc.*,
2024 WL 1880161 (N.D. Cal. Apr. 3, 2024) ....................................................................4

*Lesser v. TD Bank, N.A.*,
2020 WL 1943050 (S.D.N.Y. Apr. 23, 2020)....................................................................5

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F.Supp.3d 1072 (C.D. Cal. 2023) .............................................................................6

*Lineberry v. AddShoppers, Inc.*,
2025 WL 1533136 (N.D. Cal. May 29, 2025) ....................................................................7

*Lopez v. Apple, Inc.*,
519 F.Supp.3d 672 (N.D. Cal. 2021) ...............................................................................4

*Mejia v. Reed*,
74 P.3d 166 (Cal. 2003) ....................................................................................................6

*In re Meta Pixel Tax Filings Cases*,
724 F.Supp.3d 987 (N.D. Cal. 2024) ...............................................................................7

*Popa v. Microsoft*
153 F.4th 784 (9th Cir. 2025) ......................................................................................1, 3

*Pruchnicki v. Envision Healthcare Corp.*,
845 F.App'x 613 (9th Cir. 2021) ....................7

*Rezvanpour v. SGS Auto. Servs., Inc.*,
2014 WL 3436811 (C.D. Cal. July 11, 2014) ....................8

*Riganian v. LiveRamp Holdings, Inc.*,
791 F.Supp.3d 1075 (N.D. Cal. 2025) ....................2, 3, 7

*Rodriguez v. Brushfire Records*,
2025 WL 3692144 (C.D. Cal. Dec. 15, 2025) ....................2

*Rodriguez v. Google LLC*,
772 F.Supp.3d (N.D. Cal. 2025) ....................7

*Shah v. Cap. One Fin. Corp.*,
768 F.Supp.3d 1033 (N.D. Cal. 2025) ....................3

*In re Sun Prop. Consultants, Inc.*,
629 B.R. 682 (E.D.N.Y. Bankr. 2021) ....................5

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024), *aff'd* 2025 WL 1704437 (9th Cir. June 18, 2025) ....................4

*Xu v. Reuters News & Media Inc.*,
2025 WL 488501 (S.D.N.Y. Feb. 13, 2025) ....................2

*Yoon v. Meta Platforms, Inc.*,
2024 WL 5264041 (N.D. Cal. Dec. 30, 2024) ....................5, 9

**Statutes**

Cal. Penal Code § 631 ....................4

Cal. Penal Code § 631(a) ....................4, 6

Cal. Penal Code § 632.01 ....................6

Cal. Penal Code § 632 ....................5

Cal. Penal Code § 638.52 ....................6

**Other Authorities**

California Constitution ....................8

## I. **INTRODUCTION**

Plaintiffs' Opposition underscores the SAC's fundamental defects. Plaintiffs fail to meaningfully dispute their lack of standing and cannot sustain their claims because they do not allege any concrete injury, invasion, or harm connected to the alleged data collection. Their reliance on broad-based categories of private information that *could* be protected does not support any viable claims for relief. Finally, Plaintiffs' proposed nationwide class treatment is untenable, where the laws of putative class members' home states will govern their respective claims, and absent a sufficient overarching nexus to California for all class members' claims. For the reasons set forth below, the Court should dismiss the SAC and strike its nationwide class allegations.

## II. **ARGUMENT**

### A. **Plaintiffs Lack Article III Standing Absent Any Injury-In-Fact**

Plaintiffs do not establish a "'concrete' harm sufficient to confer Article III standing" in the absence of any actionable intrusion upon seclusion. *See infra* § II.B. Nor do references to the Video Privacy Protection Act and Fair Credit Reporting Act manufacture the existence of a redressable injury-in-fact. The Ninth Circuit rejected this "'broad theory' of 'free-roaming privacy right[s,]'" particularly where there are no accompanying factual allegations specific to the plaintiff. *Dawidzik v. Tesla, Inc.*, 2025 WL 3786963, at *3 (C.D. Cal. Dec. 29, 2025) (quoting *Popa v. Microsoft* 153 F.4th 784, 792 (9th Cir. 2025)); *see also infra* § II.B.

Plaintiffs' reliance on *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), Opp. at 4, is inapt not only because it presents factually distinct allegations, but it also has waned in significance after *Popa*. *See Dawidzik*, 2025 WL 3786963 at *3-4 (collecting cases in support of *Popa*'s caution that *Facebook* did not "greenlight a per se rule" but was limited to "the individual circumstances"). In *Facebook*, the plaintiffs alleged the continuous collection of users' online and offline data (notwithstanding its representation it would not collect the latter), including

sensitive data like "employment history and political and religious affiliations." 956 F.3d at 598-99. Here, Plaintiffs rely on far less sensitive categories of information—Venmo messages and "video content"—which do not rise to a comparable level of "embarrassing, invasive, or otherwise private information."[1] *Compare Dawidzik*, 2025 WL 3786963 at *4 *with* SAC ¶¶ 36, 38-39. "As Plaintiff[s] do[] not clearly allege what personalized information of [theirs] was actually collected . . . the Court cannot identify any harm . . . much less identify a highly offensive intrusion." *Rodriguez v. Brushfire Records*, 2025 WL 3692144, at *7 (C.D. Cal. Dec. 15, 2025).

Plaintiffs also lack standing because they do not allege they were ever served targeted advertisements based on the data allegedly collected from them. *See* Mot. at 4-5; Opp. at 6. Allegations regarding Defendants' theoretical capability to use collected information absent allegations regarding Plaintiffs' data or receipt of targeted advertisements fall short. *Xu v. Reuters News & Media Inc.*, 2025 WL 488501, at *3 (S.D.N.Y. Feb. 13, 2025) (dismissing privacy claims because "the Complaint does not allege that [plaintiff] received any targeted advertising or was otherwise affected, much less that [plaintiff] was concretely harmed by any such advertising").

### B. The Complaint Fails to State A Common Law Claim for Intrusion Upon Seclusion or A Constitutional Claim for Invasion of Privacy

Instead of demonstrating that the allegedly tracked data constitutes sensitive, protectable information under California law, Plaintiffs rely on generalized analogies that fail upon closer examination. First, Plaintiffs rely on cases where the information at issue was both highly sensitive in nature and collected in a manner extending "beyond the routine commercial behavior of collecting contact information for sending ads." *See, e.g.*, *Riganian v. LiveRamp Holdings, Inc.*, 791 F.Supp.3d 1075, 1088 (N.D. Cal. 2025). In *Riganian*, the plaintiffs alleged that the defendants

[1] Unlike in *Facebook*, Defendants did not renege on any affirmative representations denying the collection of information. 956 F.3d at 601.

accumulated highly sensitive information, including their social security numbers, driver license records, health diagnoses, financial vulnerabilities, and religious affiliation by tracking both their online and offline behavior. 791 F.Supp.3d at 1081-82. This is a far cry from the unremarkable nature of the information allegedly collected here, which constitutes commonplace information routinely collected as part of electronic communications. SAC ¶¶ 16-21, 27, 35-36, 38.

Plaintiffs overreach by indiscriminately labeling their contact and other basic information—including their name, e-mail address, phone number, Venmo recipient's name, the amount of the transaction, and optional "note" accompanying payment—as highly sensitive "financial information." Opp. at 8-9. Plaintiffs concede that Venmo transactions are only "private" if the user so designates (SAC ¶ 19), because the data involved is not characteristically "highly sensitive," and instead akin to that publicly disclosed when a consumer makes an in-store purchase. *Popa*, 153 F.4th at 791. The circumstances at issue here are far afield from cases involving the collection of customary "financial information." *Compare* SAC ¶¶ 18-19 *with* Opp. at 7, 16 (citing *Silver v. Stripe, Inc.*, 2021 WL 3191752, at *6 (N.D. Cal. July 28, 2021) (finding reasonable expectation of privacy in "sensitive financial information," generated in part by internal bank records, relating to available funds, disputed transactions, and internal bank processing codes)); *Shah v. Cap. One Fin. Corp.*, 768 F.Supp.3d 1033, 1047 (N.D. Cal. 2025) (no highly offensive intrusion for collection of "employment information, bank account information, and [] eligibility for . . . a credit card").

Information regarding Plaintiffs' Venmo transactions is analogous to instant messaging which is shareable by the recipient and does not give rise to an objectively reasonable expectation of privacy. *See D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793 at *10-11 (S.D. Cal. Oct. 24, 2023) (not reasonable to expect privacy over chats on a public website); *Jones v. Tonal Sys., Inc.*,

751 F.Supp.3d 1025, 1043 (S.D. Cal. 2024); *Lopez v. Apple, Inc.*, 519 F.Supp.3d 672, 691 (N.D. Cal. 2021). "[T]hese communications 'are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications.'" *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at *4 (S.D. Cal. May 8, 2024), *aff'd* 2025 WL 1704437 (9th Cir. June 18, 2025). And contrary to Plaintiffs' cases, they lack an expectation of privacy in their alleged video-viewing data. Opp. at 8 (citing *Lau v. Gen Digital Inc.*, 2024 WL 1880161, at *2 (N.D. Cal. Apr. 3, 2024) (reasonable expectation of privacy in amalgam of "internet search engine keyword searches, search results, email inbox searches, browsing histories, video viewing histories, and protected health information"); *Griffith v. TikTok, Inc.*, 2023 WL 9019035, at *2-4 (C.D. Cal. Dec. 13, 2023) (describing collection from "potentially sensitive websites including sites related to personal health, sites involving sensitive financial information, religious websites, websites that may disclose the activities of minors, and even some government websites")).[2]

### C. Plaintiffs Fail to Adequately Plead Their CIPA Claims

#### 1. Plaintiffs Fail to State a Claim Under Penal Code Section 631

Plaintiffs cannot merely restate CIPA's threadbare statutory elements to establish a plausible claim for relief under Section 631(a)'s second clause.[3] *See* Opp. at 11 (citing SAC ¶¶ 27, 174). Plaintiffs' allegations in this regard are insufficient. *See, e.g.*, *L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *16 (N.D. Cal. Oct. 10, 2025) (dismissing Section 631(a) claim where only general allegations "that the Insight Tag sends LinkedIn data 'when a user . . . is browsing a

---

[2] Unlike here, the *Lau* defendants gained access to plaintiffs' data despite express representations that they would refrain from doing so. *Compare* 2024 WL 1880161 at *2, *Griffith*, 697 F.Supp.3d at 970 (because "the data itself is sensitive and . . . the manner it was collected—after users had logged out—violate[d] social norms," plaintiffs established privacy claim) *with* SAC ¶¶ 16, 39.

[3] Plaintiffs do not contest Section 631(a)'s inapplicability here. *Compare* Mot. at 10 *with* Opp. at 11-12; *BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 821 (S.D.N.Y. 2021), *aff'd*, 2022 WL 598973 (2d Cir. Mar. 1, 2022).

website' and that LinkedIn begins 'tracking their activity the moment they entered [the websites]'"). Plaintiffs make the novel, and unsupported suggestion that their allegations are supported by "actual testing." Opp. at 11.[4] But Plaintiffs' SAC is bereft of any allegations concerning supposed "testing," and "[w]ithout more specificity, these allegations do not provide fair notice of exactly when or how [Defendants] intercepted the communications and are therefore insufficient to plausibly plead [they were] intercepted . . . while 'in transit.'" *LinkedIn*, 2025 WL 2899514 at *16 (emphasis added).

**2. <u>Plaintiffs Fail to State a Claim Under Penal Code Section 632</u>**

Generalized allegations about Plaintiffs' "browsing history" and routine biographical information do not implicate "confidential" information sufficient to establish a Section 632 claim. *See supra*, § II.B. Unlike in *Yoon v. Meta Platforms, Inc.*, 2024 WL 5264041, at *1, *7 (N.D. Cal. Dec. 30, 2024), where the plaintiff detailed "significant information regarding the user's browsing history" that "divulge[d] '[the] user's personal interest, queries, and habits" that "shed light on [their] politics, [and] artistic tastes," Plaintiffs allege the collection of basic non-confidential contact information (*i.e.*, name, email address, IP address) and non-confidential Venmo messages and video titles.[5] SAC ¶¶ 16-21, 27, 35-36, 38.

**3. <u>Plaintiffs Have Not Alleged a Trap and Trace Violation</u>**

Plaintiffs cannot sequester CIPA's interlocking trap and trace provisions from one another and ignore the California Legislature's intent to cabin the trap and trace law to telephone lines.

---

[4] "A party opposing a motion to dismiss cannot amend its complaint by making new factual allegations in a memorandum of law opposing that motion," particularly where, as here, Plaintiffs have already been given leave to amend their original pleading. *See, e.g.*, *Lesser v. TD Bank, N.A.*, 2020 WL 1943050, at *11 (S.D.N.Y. Apr. 23, 2020) (collecting cases); *In re Sun Prop. Consultants, Inc.*, 629 B.R. 682, 716-17 (E.D.N.Y. Bankr. 2021) (collecting cases).

[5] Further, Plaintiffs do not allege conduct anywhere near the comprehensive and granular collection in *Yoon* of "the video's URL whenever a viewer access[ed] [a] webpage, the title of the video watched, when a view[er] started and finished the video's content, and when the viewer started and finished the advertisement that play[ed] before the video." *Compare* SAC ¶ 36 *with Yoon*, 2024 WL 5264041 at *2.

Opp. at 14. CIPA's provisions "must be read together and so construed as to give effect, when possible, to all the provisions thereof." *Mejia v. Reed*, 74 P.3d 166, 170 (Cal. 2003); *Lakin v. Watkins Associated Indus.*, 863 P.2d 179, 188 (Cal. 1993) ("[E]ach sentence must be read not in isolation but in the light of the statutory scheme" such that "[a]n interpretation that renders related provisions nugatory must be avoided."). In light of Section 638.52's myriad references to trap and trace devices applied to telephone lines only, application of the trap and trace statute to internet communications would contravene these principles. *See* Penal Code § 638.52(c)-(d). Further, when the legislature has intended for CIPA to apply to the internet, it has expressly stated as much. Cal. Penal Code § 632.01 (penalizing the intentional "disclos[ure] or distribut[ion], in any manner, in any forum, including, but not limited to, *Internet Web sites and social media*, or for any purpose, the contents of a confidential communication with a health care provider that is obtained by" the offending person) (emphasis added). If the legislature intended CIPA's trap and trace provisions to apply to the alleged online activity at issue, it would have amended the statute accordingly.[6]

### D. <u>Plaintiffs Lack Statutory Standing to Assert a CDAFA Violation</u>

Plaintiffs cannot maintain CDAFA claims based on generalized assertions that their personal data has value, that a market for consumer data exists, or on the theoretical depletion of their device bandwidth. Opp. at 15. Absent plausible allegations that Defendants' retention of the data is unjust, and without any allegations regarding Plaintiffs' concrete loss, Plaintiffs have not established statutory standing. *See Gutierrez v. Converse Inc.*, 2023 WL 8939221, at *5 (C.D. Cal. Oct. 27, 2023) (dismissing CDAFA claim for failure to allege "damage as a result of defendant's

[6] The California Legislature has amended CIPA during the internet's undisputed ubiquity for the last two decades, yet *has declined* to expand CIPA's reach to the transmission of internet data. *See Cody v. Ring LLC*, 718 F.Supp.3d 993, 999 (N.D. Cal. 2024) (rejecting argument that "CIPA should be interpreted to apply to new technologies" given that "CIPA's multiple amendments, including in 2011 and 2022 . . . [did] not update[] [clause one of Section 631] to include internet technologies"); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F.Supp.3d 1072, 1080 (C.D. Cal. 2023) ("[t]he fact that the Legislature has had an opportunity to amend section 631(a) to take into account privacy issues raised by new technologies like internet messaging is indicative of its intent not to expand protections").

alleged sharing of [] communications").[7] Here, Plaintiffs' claims are "purely hypothetical" and establish neither any experienced economic loss nor "what the actual value of the plaintiffs' data could be . . . nor how the value of a person's data decreases when their data is misappropriated." *Lineberry v. AddShoppers, Inc.*, 2025 WL 1533136, at *2 (N.D. Cal. May 29, 2025); *accord* Mot. at 6; *contra Brown*, 685 F.Supp.3d at 920.

Plaintiffs' device resource theory fares no better. Plaintiffs merely parrot hypothetical software implications without providing any detail as to the actual impact of the software on their own devices. *Compare* SAC ¶¶ 123-28 (citing study regarding the effect on a website's loading and processing speeds when software present) *with Pruchnicki v. Envision Healthcare Corp.*, 845 F.App'x 613, 614-15 (9th Cir. 2021).

### E. <u>Plaintiffs' Equitable Relief Claims Should Be Dismissed</u>

Plaintiffs cannot maintain their unjust enrichment claims absent allegations that Defendants unjustly profited from their personal data at Plaintiffs' expense. *See supra* § II.D; *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Absent such allegations or that Plaintiffs experienced diminution in the value of their data, Plaintiffs' unjust enrichment claims fail. *Hammerling v. Google LLC*, 615 F. Supp.3d 1069, 1096-97 (N.D. Cal. 2022). Plaintiffs also rely on cases where the information being sold was "confidential tax and financial information," or personal health information, far different from the information alleged here. *Compare generally* SAC ¶¶ 18-19 *with Riganian*, 791 F.Supp.3d at 1081; *In re Meta Pixel Tax Filings Cases*, 724

[7] *See also Doe v. Cnty. of Santa Clara*, 2024 WL 3346257, at *9 (N.D. Cal. July 8, 2024); *Cf. Brown v. Google LLC*, 685 F.Supp.3d 909, 920 (N.D. Cal. 2023) (plaintiffs "state[d] an economic injury for their misappropriated data" by proffering evidence that Google piloted a program paying users $3.00 per week for their browsing history, which it instead collected and sold without renumerating the plaintiffs or obtaining consent); *Rodriguez v. Google LLC*, 772 F.Supp.3d, 1093, 1107-10 (N.D. Cal. 2025) ("damage or loss" found where plaintiffs affirmatively revoked permission to collect data on which defendant profited).

F.Supp.3d 987, 1000 (N.D. Cal. 2024); *supra* § II.B.[8]

**F. Plaintiffs' Nationwide Class Allegations Should Be Stricken**

**1. Striking Plaintiffs' Nationwide Allegations Is Not Premature**

Striking Plaintiffs' unsupportable nationwide class allegations is not premature where it is "sufficiently obvious from the pleadings" that Plaintiffs may not pursue these claims. *Ahringer v. LoanDepot, Inc.*, 715 F. Supp. 3d 1274, 1284 (C.D. Cal. 2024); *Langan v. United Servs. Auto. Ass'n*, 69 F.Supp. 3d 965, 988 (N.D. Cal. 2014). "[A] non-California defendant [like Defendants] cannot be held liable to a non-California plaintiff for violations of the CIPA." *See Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2016 WL 3543699, at *5 (S.D. Cal. June 29, 2016). Similarly, "the California right of privacy [does] not apply to" individuals who are not "California residents," and the "right of privacy in the California constitution [does] not prevent a non-California company" from taking an action contrary to that law as to non-California residents. *Henderson v. Chicago Cubs Baseball Club, LLC*, 2018 WL 3326682, at *1 (C.D. Cal. May 24, 2018); *Rezvanpour v. SGS Auto. Servs., Inc.*, 2014 WL 3436811, at *3 (C.D. Cal. July 11, 2014). Non-California putative class members cannot assert California-based privacy violations against non-California Defendants.

**2. Plaintiffs Are Not Entitled to Discovery To Find A California Nexus[9]**

Plaintiffs do not dispute that they are attempting to assert each of their California law claims on behalf of non-California plaintiffs against Defendants, two non-California entities. *See* Opp. at 21-22. Instead, they insist—citing entirely new "actual testing" allegations, Opp. at 8, 11—that the law permits them to do so because "discovery is likely to confirm" the non-California

[8] *Boelter v. Hearst Communications, Inc.* 192 F.Supp.3d 427, 455 (S.D.N.Y. 2016), is of no import given that it applies Michigan law. Opp. at 17.
[9] Plaintiffs concede that "the California Constitutional privacy claims" are unsuitable for nationwide class treatment. Opp. at 21 n.11. Nonetheless, the following arguments apply to both Plaintiffs' constitutional and common law privacy claims.

plaintiffs' connection to "Defendants' extensive activity in California." *Id.* Not so.

Unlike here, the cases on which Plaintiffs rely involve a clear nexus between the parties, the allegedly offensive conduct, and California. Opp. at 21, 23 (citing *Doe v. Meta Platforms*, 690 F. Supp. 3d 1064, 1078 (N.D. Cal. 2023) (dismissal premature where discovery would further establish California defendants' acts "had a substantial nexus to California," *e.g.* "the design and marketing of the Pixel technology and development and implementation of its Terms of Service occurred in California"); *Doe v. Fullstory*, 712 F.Supp.3d 1244, 1257 (N.D. Cal. 2024) (allegations that Meta's pixel development occurred in California and a governing California choice-of-law provision applied)).[10] Plaintiffs' allegations do not establish a remotely similar "substantial nexus" to California. *Compare* SAC ¶¶ 92, 143, 171 *with Meta Platforms*, 690 F. Supp. 3d at 1078-79.

Plaintiffs allege that "Defendants' extensive activity in California" consists of an office in California, partnerships with companies that have offices in California—none of which Plaintiffs allege used Defendants' software—and a stray collection of employees located in California. Opp. at 22 (citing SAC ¶¶ 92, 143, 171). These allegations pale in comparison to the extensive California ties exhibited in *Meta Platforms* and *FullStory*, where California law unambiguously governed the disputes. Unlike Meta, Defendants are non-California businesses, and the only nexus alleged between the putative nationwide class and California is California resident putative class members.

Plaintiffs' efforts to invoke third-party companies' activity as a sufficient California hook is unavailing. Opp. at 22. Plaintiff only alleges three New York-based companies[11]—Venmo, NBCUniversal/Peacock, and JetBlue—used the mParticle to improperly collect their data in violation of California law. SAC ¶¶ 13, 24, 32. Plaintiffs do not set forth plausible, much less any,

[10] The non-California *Meta Platform* plaintiffs had also accepted Facebook's Terms of Service, which "specif[ied] that California law applies to disputes between Facebook and its users." 690 F. Supp. 3d at 1078.

[11] Plaintiffs' allegations as to California-based Google, Meta and Adobe (Opp. at 22 (citing SAC ¶¶ 92, 171)), are of no moment given they are devoid of facts establishing a nexus between Plaintiffs and Defendants' alleged conduct.

allegations that Plaintiffs' data was ever sent to California or that business decisions regarding Defendants' software and alleged collection of data bear any connection to California.[12] Plaintiffs' SAC lacks allegations sufficient to establish that a nationwide class is proper, and Plaintiffs are not entitled to conduct a fishing expedition in search of a hypothetical California connection between the non-California Defendants and the non-California putative class members.

### 3. Plaintiffs' Failure to Allege Conduct Outside of California

Plaintiffs only allege conduct that occurs within the putative class members' home states. SAC ¶¶ 12-41. All of the acts underlying Plaintiffs' common law privacy claims occur where putative class members are located when using the subject website or application. *Id.* Accordingly, the law of the other forty-nine states in which putative class members would apply to these claims. Plaintiffs fail to carry their initial burden of showing that California has significant contacts to the claims of each class member. *Supra* § II.F.2. Thus, Defendants need not conduct a fifty-state comparative survey demonstrating a "material variation" among state law. Opp. at 24; *contra Bruno v. Eckhart Corp.*, 280 F.R.D. 540, 544-45 (C.D. Cal. 2012) (the proper scope of a choice of law analysis is dependent on the "circumstances of the particular case" and the material variation depends on the issues raised by the parties). Defendants present significant disparities in various states' approaches to Plaintiffs' three common law claims, as well as their interest in applying their own privacy law. Mot. at 21-24. Consequently, nationwide treatment is inappropriate.

## III. CONCLUSION

Defendants respectfully request that the Court (i) dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice, (ii) strike Plaintiffs' nationwide class allegations, and (iii) grant such other and further relief as the Court deems just and proper.

---

[12] *Contra Erceg v. LendingClub Corp.* 475 F.Supp.3d 1071, 1079 (N.D. Cal. 2020) ("call centers" where data was collected and analyzed were in California).

Dated: February 4, 2026

COZEN O'CONNOR

By: */s/ Matthew E. Lewitz*

Matthew E. Lewitz
COZEN O'CONNOR
401 Wilshire Boulevard, Suite 850
Santa Monica, California 90401
Telephone: (213) 892-7937
Facsimile: (310) 394-4700
Email: mlewitz@cozen.com

Erin Bolan Hines (*pro hac vice*)
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-4490
Facsimile: (312) 300-5645
Email: ebolanhines@cozen.com

*Attorneys for Defendants MParticle, Inc. and Rokt US Corp.*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(C)**

Pursuant to Rule 7.1(C) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the undersigned attorney of record hereby certifies that the total number of words contained in the foregoing memorandum of law, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 3,481 words, and therefore complies with the requirement that reply memoranda contain no more than 3,500 words.

Dated: Santa Monica, California
February 4, 2026

By: ______________________
Matthew E. Lewitz

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2026, I caused a true and correct copy of Defendants' **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MPARTICLE, INC. AND ROKT US CORP.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND STRIKE NATIONWIDE CLASS ALLEGATIONS** to be electronically filed and that this document is available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing document was served via email on the individuals listed below:

Heather Lopez
Milberg Coleman Bryson Phillips Grossman PLLC
280 S. Beverly Drive
Beverly Hills, CA 90212
*hlopez@milberg.com*
*Attorneys for Plaintiffs*

Gary Michael Klinger
William J. Edelman
Milberg Coleman Bryson Philips Grossman PLLC
227 West Monroe Street, Suite 2100
Chicago, IL 60606
*gklinger@milberg.com*
*wedelman@milberg.com*
*Attorneys for Plaintiffs*

Dated: Santa Monica, California
February 4, 2026

Matthew E. Lewitz