July 16, 2026

**Matthew E. Lewitz**
Direct Phone 213-892-7937
Direct Fax 310-394-4700
mlewitz@cozen.com

**VIA ECF**

Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re:** ***Peter C. Hayward, et al. v. mParticle, Inc., et al.*** **– Case No. 1:25-cv-08173-PAE**

Dear Judge Engelmayer:

Pursuant to Federal Rule of Civil Procedure 26(c), Local Civil Rule 37.2, and Rules 2(E) and 3(A) of Your Honor's Individual Rules and Practices, Defendants mParticle Inc. and Rokt US Corp. (collectively, "Defendants") respectfully request a pre-motion conference regarding Defendants' request to stay discovery (the "Stay Request") pending adjudication of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Strike Nationwide Class Allegations (the "Pending Motion"). On July 14, 2026, Defendants' counsel participated in a telephonic meet-and-confer with Plaintiffs' counsel in good faith in attempt to resolve Defendants' Stay Request absent judicial intervention. The parties' meet-and-confer efforts were unsuccessful.

## I. Background and Procedural History

Plaintiffs commenced this putative class action in the Northern District of California on April 23, 2025. (ECF No. 1.) After the Northern District of California granted Defendants' motion to transfer venue, the action was transferred to this Court on October 2, 2025. (ECF No. 49.) In turn, this Court authorized Plaintiffs to file a Second Amended Complaint ("SAC"), which was filed on October 29, 2025. (ECF No. 52.) On December 3, 2025, Defendants filed the Pending Motion, which was fully briefed by the parties on February 4, 2026. (ECF Nos. 61, 63-64.)

On June 16, 2026, with the motion still pending, Plaintiffs served their first set of requests for production of documents (the "Pending RFPs"), attached hereto as Exhibit A.

## II. Legal Standard

Federal Rule of Civil Procedure 26(c) authorizes a stay of discovery upon a showing of good cause. "[A] pending motion to dismiss may constitute 'good cause'", and the Court possesses "considerable discretion" to issue such a stay. *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In making this determination, courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (citation omitted). These factors are nonexclusive, however, and "ultimately the overarching consideration of the circumstances in their totality governs." *Palladino*

---

*v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 273-74 (E.D.N.Y. 2024) (citation omitted).

**III. Argument**

**a. A Stay Pending Resolution of the Fully Briefed Motion Will Not Cause Any Undue Prejudice**

With the Pending Motion fully briefed over five months ago and a decision on the horizon, little to no prejudice will flow from imposition of a stay of discovery that is limited in duration. Courts in this district have found stays under similar circumstances. *See, e.g.*, *In re Zeta Global Data Privacy Litigation*, No. 25-CV-5780 (PAE), 2026 WL 2020967, at *1 (S.D.N.Y. July 13, 2026) ("The Court finds a discovery stay appropriate pending its resolution (which will occur in relatively short order) of the motions to dismiss. Such a stay is unlikely to prejudice the parties, given the limited time frame in which it would operate."); *Miller v. Brightstar Asia, Ltd.*, No. 20-cv-4849, 2020 WL 7483945 at *1–2, *5 (S.D.N.Y. Dec. 21, 2020) ("[i]f the Court denies the motion, a stay of discovery will presumably be for a relatively short time, and 'a short delay at this time would not be unfairly prejudicial'"); *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126, 2013 WL 1907738, at *5, *7 (S.D.N.Y. May 8, 2013).

Regardless, abbreviated delay alone is an insufficient basis to find unfair prejudice. *See Spinelli v. Nat'l Football League*, No. 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). A non-movant must do more than assert its "interest in moving the case forward." *Choudhury v. NYC Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *5 (S.D.N.Y. Oct. 22, 2025) (citation omitted); *see also Dougherty v. Zynga Inc.*, No. 26-CV-2772 (PAE), 2026 WL 1218876, at *2 (S.D.N.Y. May 4, 2026). Here, Plaintiffs cannot do so. Accordingly, the prejudice factor weighs in favor of a stay.

**b. Proceeding With Discovery Before Resolution of the Motion Would Impose Significant and Unnecessary Burdens**

The current and anticipated discovery in this putative class action will be broad, complex, and costly. A stay is required to avoid undertaking this burdensome process before the case is significantly simplified or extinguished entirely. "A stay is particularly appropriate where discovery is apt to generate substantial work and expense that a grant or partial grant of a motion to dismiss stands to obviate or reduce." *In re Zeta Global*, 2026 WL 2020967, at *1.

Discovery is particularly burdensome given the breadth of Plaintiffs' eight claims on behalf of a putative nationwide class. Plaintiffs' pending and forthcoming discovery will seek documents and information pertaining to Defendants' innumerable client relationships. For instance, the Pending RFPs seek documents sufficient to show "*all websites and mobile applications* that have incorporated" Defendants' technology, and "*all third-party services*" with which Defendants' technology can be integrated, and are essentially boundless in time. (Ex. A (emphasis added).) These requests are only the tip of the iceberg, and compliance will be both time consuming and costly, spanning multiple custodians and implicating extensive ESI. *See Dougherty*, 2026 WL 1218876, at *2 ("Given the cost and time-intensive nature of modern electronic discovery in complex civil lawsuits, this factor strongly counsels a stay.").

Meanwhile, the Pending Motion has the potential to eliminate or narrow the claims at issue, if not resolve them entirely. Conversely, the outcome of Defendants' motion to strike nationwide class

allegations may drastically simplify and reduce the scope of class discovery. Thus, while a stay would cause virtually no prejudice to Plaintiffs, Defendants will be substantially burdened with complex, costly discovery before Plaintiffs' claims have made it out of the pleading stage. This factor strongly favors a stay to conserve both party and judicial resources. *See id.* (granting motion to stay because pending motion to dismiss had potential to "terminate" discovery "such that a stay may meaningfully conserve the parties' resources"); *Druckman v. Morgenstern*, 26 Civ. 993 (PAE), 2026 WL 791896, at *2 (S.D.N.Y. Mar. 20, 2026) ("The motions to dismiss, even if they prune rather than eliminate the claims in the Complaint, have the capacity to meaningfully reduce the scope of discovery."); *Gastineau v. ESPN Inc.*, 25 Civ. 2041 (PAE), 2025 WL 2733155, at *2 (S.D.N.Y. Sept. 24, 2025).

### c. Defendants' Pending Motion Presents Substantial Grounds for Dismissal That Will Significantly Narrow or Resolve This Action

Finally, a pending motion to dismiss supports a stay of discovery where the motion raises "substantial arguments for dismissal." *Hong Leong Finance,* 297 F.R.D. at 72 (citation omitted); *Choudhury*, 2025 WL 2977837, at *2 (explaining the relevant question is "whether the motion to dismiss makes "a strong showing that the plaintiff's claim is unmeritorious.") (citation omitted). This inquiry entails a "limited and preliminary review," not "preview[ing] the outcome on the motion to dismiss." *Macy's Sys. & Tech., Inc. v. CA, Inc.*, No. 25-CV-8530 (PAE), 2026 WL 1283432, at *1 (S.D.N.Y. May 11, 2026); *see also Choudhury*, 2025 WL 2977837 at *3.

Defendants seek to dismiss the SAC for lack of subject matter jurisdiction absent Article III standing. (ECF No. 61.) Plaintiffs' SAC is premised on the alleged collection and use of device identifiers, contact information, IP addresses, advertising IDs, and routine online activity—none of which, if disclosed, would implicate a protected privacy interest. (*See, e.g.*, SAC ¶¶ 13, 15-16, 18-19, 24.) Because Plaintiffs have not alleged an injury-in-fact, there is a substantial likelihood that the case will be dismissed in its entirety—obviating the need for any discovery. Moreover, Defendants seek to dismiss each of Plaintiffs' claims for failure to state a claim. (ECF No. 61.) Plaintiffs' common-law and constitutional privacy claims fail because the data allegedly collected constitutes, at most, basic contact information that does not rise to the level of intrusion upon seclusion or invasion of privacy. Plaintiffs fail to state claims under multiple CIPA provisions because the alleged conduct does not involve "in transit" interception of communications, concern confidential communications, or fall within the ambit of California's trap-and-trace provisions.[1] Further, Plaintiffs' CDAFA claim fails because they have not alleged any cognizable "damage or loss." Plaintiffs' equitable relief claims are insufficiently pled because Plaintiffs have not alleged unjust retention of a benefit at Plaintiffs' expense and possess adequate remedies at law. Finally, the case should not proceed on a nationwide class basis, which would dramatically reduce the scope of the surviving claims and, thus, the scope of discovery.

For the foregoing reasons, Defendants respectfully request that a temporary stay be entered pending resolution of the Pending Motion or, in the alternative, that the Court hold a pre-motion conference regarding the instant request. We thank the Court for its time and attention to this matter.

[1] Although not argued in the Pending Motion, the California Legislature appears poised to vote in favor of amending CIPA's trap-and-trace provision by August 31, 2026, which would retroactively eliminate a private right of action and, therefore, eliminate Plaintiffs' claim.

---

Respectfully,

COZEN O'CONNOR

By: Matthew E. Lewitz

cc: All counsel of record (via ECF)

The Court has received a voicemail from plaintiffs' counsel, per the Court's Individual Rule 2(E), stating that plaintiffs intend to respond to defendants' motion above. Under Rule 2(E), plaintiffs' response is due July 21, 2026.

SO ORDERED.

Date: July 17, 2026
New York, New York

PAUL A. ENGELMAYER
United States District Judge