UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER C. HAYWARD *et al.*, *individually and on behalf of all others similarly situated*,

Plaintiffs,

-v-

MPARTICLE, INC. *and* ROKT US CORP.,

Defendants.

25 Civ. 8173 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Defendants mParticle, Inc. and Rokt US Corp. (collectively, "defendants") move to stay all discovery, pending resolution of their motion to dismiss the Second Amended Complaint ("SAC"). Dkt. 68 ("Mot."). Plaintiffs oppose. Dkt. 70 ("Opp'n"). For the following reasons, the Court denies the motion insofar as it seeks to stay responses to plaintiffs' five pending requests for production ("RFPs"), but grants the motion to stay all other discovery pending resolution of the motion to dismiss.

## I. Background

The Court assumes familiarity with this case. On April 23, 2025, plaintiffs initiated this putative class action in the Northern District of California. Dkt. 1. The SAC, the operative complaint today, alleges as follows: Defendants, through tracking technology embedded in websites and mobile applications, collected information associated with plaintiffs' identities and online activity. Dkt. 52 ("SAC") ¶¶ 1–11, 69–100. That information included names, email addresses, phone numbers, device and advertising identifiers. *Id.* ¶¶ 13–18, 24–27, 32–35, 38. Defendants also compiled, based on the private Venmo transactions of plaintiffs Peter Hayward

and Matthew Ybarra, the names of counterparties, amounts, and plaintiffs' private descriptions (or Venmo "notes") of such payments. *Id.* ¶¶ 18–20, 38–40. As to Ybarra, defendants collected "video title IDs" that reflect the video content he viewed on the NBC mobile application, and linked this information to his unique identifiers (email address, etc.). *Id.* ¶¶ 32–42. The SAC brings eight claims under the California Constitution, California privacy statutes, and California common law. *Id.* ¶¶ 145–225.

On October 29, 2025, plaintiffs filed the SAC. Dkt. 52. On December 3, 2025, defendants moved to dismiss and to strike the nationwide class allegations. Dkts. 61–62 ("MTD"). On January 14, 2026, plaintiffs opposed. Dkt. 63. On February 4, 2026, defendants replied. Dkt. 65.

On June 16, 2026, plaintiffs served five RFPs. Mot., Ex. A ("June 16 RFPs"). These seek documents related to (1) governmental investigations of defendants' tracking technologies; (2) defendants' organizational charts and personnel responsible for such technologies; (3) websites and mobile applications that have incorporated defendants' technologies, including Venmo, JetBlue, Peacock, and the NBC application; (4) third-party services with which those technologies can be integrated; and (5) third parties with which defendants share consumer data. *Id.* at 11–12.

On July 16, 2026, defendants moved to stay discovery, pending resolution of their motion to dismiss. Dkt. 68. On July 21, 2026, plaintiffs opposed. Dkt. 70.

## II. Applicable Legal Standard

"[T]he issuance of a stay of discovery pending the outcome of a motion to dismiss is by no means automatic." *Choudhury v. NYC Health & Hospitals Corp.*, No. 25 Civ. 5240 (PAE), 2025 WL 2977837, at *1 (S.D.N.Y. Oct. 22, 2025) (cleaned up). Under Federal Rule of Civil

Procedure 26(c), a court has "considerable discretion" to stay discovery for good cause. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Relevant factors include "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted). The party seeking a stay bears the burden of demonstrating good cause. *Id.*

## III. Discussion

All three factors favor a relatively brief discovery stay, save as to the June 16 RFPs.

***First***, on the limited and preliminary review appropriate to evaluating a stay application, the MTD raises substantial arguments with potential to narrow plaintiffs' eight claims. As to defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserting a lack of Article III standing, much information defendants allegedly collected—names, user names, email addresses, phone numbers, device identifiers, and IP addresses—does not appear to have caused concrete injury in fact. *See, e.g.*, *Cooper v. Bonobos, Inc.*, No. 21 Civ. 854, 2022 WL 170622, at *4–6 (S.D.N.Y. 2022) (no injury in fact from disclosure of addresses, phone numbers, email addresses, order histories, and IP addresses); *Liau v. Weee! Inc.*, No. 23 Civ. 1177 (PAE), 2024 WL 729259, at *5 (S.D.N.Y. Feb. 22, 2024) (same as to names, email addresses, and phone numbers); *Xu v. Reuters News & Media Inc.*, No. 24 Civ. 2466, 2025 WL 488501 (PAE), at *3–5 (S.D.N.Y. Feb. 13, 2025) (same as to IP address). Defendants allegedly compiled more sensitive data, however, from Hayward's and Ybarra's Venmo transactions—including their private narratives describing specific payments—plus Ybarra's video-viewing history on the NBC application. SAC ¶¶ 18–20, 35–40. The collection of similar data can cause concrete harm

sufficient to support Article III standing, such that claims here related to such information have substantial potential to clear that challenge. *See, e.g.*, *Lee v. Springer Nature Am., Inc.*, 769 F. Supp. 3d 234, 250–51 (S.D.N.Y. 2025) (injury-in-fact requirement satisfied, where plaintiff's video-watching history was collected and disclosed to advertiser); *Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 282–83 (S.D.N.Y. Feb. 17, 2023) (same).

The MTD makes substantial arguments, however, under Rule 12(b)(6), that at least some of plaintiffs' statutory claims should be dismissed for failure to state a claim. As to the claim under California Penal Code § 502 ("CDAFA"), for example, the SAC does not appear, on preliminary review, to adequately allege cognizable "damage or loss" suffered by plaintiffs. *Id.* § 502(e)(1); *see, e.g.*, *Lineberry v. AddShopper, Inc.*, 2025 WL 551864, at *6 (N.D. Cal. Feb. 19, 2025) (dismissing CDAFA claim, based on lack of plausible allegations that plaintiffs' data decreased in value based on alleged misappropriation). And, as to the § 631 claim, the SAC does not appear to plausibly allege that defendants gained the contents of any communications while these were "in transit." *See, e.g.*, *L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *16 (N.D. Cal. Oct. 10, 2025) (dismissing § 631 claim, where allegations did not state "exactly when or how [defendant] intercepted the communications," and were thus "insufficient to plausibly plead that [defendant] intercepted communications while 'in transit'"); *Crano v. Sojern, Inc.*, 2025 WL 2689267, at *7 (N.D. Cal. Sept. 19, 2025) (same). The substantial possibility that some claims will be dismissed, in a manner that stands to meaningfully narrow the scope of appropriate discovery, favors a partial stay of discovery.

***Second***, the scope of anticipated discovery and the burdens it could present favor a partial stay of discovery. Putting aside the June 16 RFPs, the likely document and deposition discovery in this nationwide class action are apt to be costly and relatively onerous. Electronic discovery

requests are likely to be directed to multiple custodians in defendants' organizations, and the technical nature of the underlying technologies at issue may further complicate discovery. *See* Mot. at 2–3. Such discovery may "drain[] the parties' resources" while defendants' motions pend. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). To the extent the pending motions are granted, such could meaningfully reduce the scope of permitted discovery.

By contrast, the five June 16 RFPs do not appear comparably burdensome, such that they can be satisfied with the production of finite and relatively easily retrievable material, and are likely germane to all claims in the SAC. On the assumption, which appears reasonable, that some claims survive the motion to dismiss, defendants' responses to the RFPs will not have been wasteful. And plaintiffs credibly assert that defendants' responses may identify third parties that may not presently be subject to preservation obligations in this litigation whom plaintiffs may wish to subpoena. Defendants' responses may lead plaintiffs to notify these third parties to preserve relevant records. *See* Opp'n at 1, 3.

In sum, this factor favors defendants, save as to the June 16 RFPs.

***Third***, there is minimal risk of unfair prejudice to plaintiffs from a partial stay of discovery as outlined above. The only evidence plaintiffs argue may become unavailable during a discovery stay is that held by third parties not subject to preservation obligations. Such parties will be identified in defendants' responses to the RFPs, which the Court will allow to proceed. Plaintiffs have not argued that other forms of prejudice are apt to occur.

***Overall assessment***: All three factors favor a stay of discovery pending resolution of the MTD, save as to the June 16 RFPs, as to which defendants have not shown good cause for a stay of discovery. *See, e.g.*, *Miller v. Trans Union, LLC*, No. 25 Civ. 3370, 2025 WL 2677078, at *4

(E.D.N.Y. Sept. 18, 2025) ("[t]he parties are to engage in the exchange of limited discovery until the motion to dismiss is decided which shall comprise solely of the exchange of initial Rule 26 disclosures and the service and responses of interrogatories and document demands"); *Choudhury*, 2025 WL 2977837, at *5 (staying document and expert discovery, while allowing "early discovery steps" to proceed (cleaned up)); *Merida Cap. Partners III LP v. Fernane*, No. 25 Civ. 1235, 2025 WL 1541072, at *4 (S.D.N.Y. May 30, 2025) (ordering that "only party discovery be stayed, and that [p]laintiff be permitted to continue to pursue discovery from third parties").

**CONCLUSION**

For the reasons above, the Court denies defendants' motion to stay discovery as to the June 16 RFPs, but grants defendants' motion to stay all other discovery, pending resolution of the motion to dismiss. The Clerk of Court is respectfully directed to terminate the pending motion at docket 68.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: August 3, 2026
New York, New York